**Sarah PEREZ, et al., Plaintiffs–Appellants,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation; et al., Defendants–Appellees.**

**No. 13–16450.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2015.

Filed Jan. 11, 2016.

R. Stephen Berry, Partner, Berry Law PLLC, Washington, DC, Colleen Duffy–Smith, Morgan Duffy–Smith & Tidalgo, San Jose, CA, for Plaintiffs–Appellants.

Raoul D. Kennedy, Esquire, Skadden Arps Slate Meagher & Flom LLP, Steven H. Frankel, Bonnie Lau, Esquire, Dentons U.S. LLP, San Francisco, CA, Richard L. Fenton, Sonnenschein Nath & Rosenthal, LLP, Chicago, IL, Sheila Carmody, Snell & Wilmer L.L.P., Phoenix, AZ, Elizabeth Martori Weldon, Snell & Wilmer LLP, Costa Mesa, CA, for Defendants–Appellees.

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants ("Plaintiffs"), on behalf of themselves and similarly situated California residents, appeal the district court's (1) denial of class certification, (2) grant of summary judgment in favor of Defendants–Appellees ("Defendants"), and (3) denial of leave to file a Sixth Amended Complaint. We affirm.

1. The district court did not abuse its discretion in denying Plaintiffs' motion for class certification. The Fifth Amended Complaint centered around the allegation that, although Defendants promised their customers high quality, original equipment manufacturer ("OEM") parts, in fact they conspired to provide low-quality, non-OEM parts. Further, Plaintiffs defined the classes to include customers who purchased policies where these inferior parts were sometimes used. Plaintiffs, however, failed to produce any evidence of inferior parts. Plaintiffs' sole expert on parts quality, Allen Wood, stated in his declaration that categories of inferior parts *could* be identified at trial by an expert other than himself. The district court therefore granted Defendants' *Daubert* motion to exclude Wood's testimony, and Plaintiffs have not appealed that decision.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2. Given the complete lack of evidence on parts quality, the district court did not abuse its discretion in concluding that it could not conduct a "rigorous analysis" of commonality. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir.2011) ("When considering class certification under Rule 23, district courts ... must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied.'" (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011))). Although the Rule 23(a) requirements, including commonality, "have been construed permissively, ... it is insufficient to merely allege any common question." *Id.* at 981 (internal quotation marks omitted). Instead, Plaintiffs "must pose a question 'that will produce a common answer to the crucial question *why was I disfavored.*'" *Id.* (quoting *Wal–Mart*, 131 S.Ct. at 2552). That is because "[w]hat matters to class certification is not the raising of common 'questions' ... but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (quoting *Wal–Mart*, 131 S.Ct. at 2551). Here, Plaintiffs provided no evidence at all on the "crucial question" of parts quality. *Id.* And "[i]f there is no evidence that the entire class" purchased policies where inferior parts were used, there is no "common question that will connect many individual [insurance] decisions to their claim for class relief." *Id.* Thus, the district court's conclusion that Plaintiffs failed to meet their burden to show commonality was not an abuse of discretion.

3. Plaintiffs also argue that the district court was required by Federal Rule of Civil Procedure 52 to make separate findings and conclusions of law on each of the Rule 23(a) requirements. Rule 52(a)(3) provides, however, that a "court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or ... any other motion" unless "these rules provide otherwise." There is no such requirement in Rule 23.

4. The district court did not err when it granted summary judgment to Defendants on the putative class representatives' individual claims. The same lack of evidence on parts quality that doomed the motion for class certification likewise required judgment against the individual class representatives as a matter of law.

5. Finally, the district court did not abuse its discretion in denying Plaintiffs' motion for leave to file a Sixth Amended Complaint. The proposed Sixth Amended Complaint, with its pure price-fixing allegations, represented a substantial change from the Fifth Amended Complaint, which described a conspiracy focused on the use of unsafe, inferior parts. The district court reasonably concluded that requiring Defendants to defend against Plaintiffs' new theory would result in unfair prejudice.

**AFFIRMED.**